THE STATE OF OHIO, APPELLEE, *v.* McKINLEY, APPELLANT.

(No. 3112—Decided August 15, 1967.)

*Mr. Herbert M. Jacobson,* for appellee.

*Mr. Robert C. Way* and *Messrs. White & Smallwood,* for appellant.

KERNS, J. The defendant, Joseph J. McKinley, was indicted, tried by jury, and found guilty of the charge of bribery, contrary to Section 2917.01, Revised Code. He was tried jointly with another defendant, Willie Glover, in accordance with Section 2945.13, Revised Code.

From the judgment and sentence thereafter entered, McKinley has appealed to this court claiming in his first assignment of error that the trial court "committed prejudicial error in failing to suppress the testimony and evidential statements of officers Sampson and Arnold, as to their conversation with defendant Glover, not only as it applies to defendant Glover but as the same was done outside the presence of defendant McKinley."

In support of this assignment of error, the defendant relies upon the *Escobedo* and *Miranda* decisions (*Escobedo* v. *Illinois,* 378 U. S. 478; *Miranda* v. *Arizona,* 384 U. S. 436) which limit the admissibility of statements stemming from custodial interrogation.

However, the inquiries made by a police officer during

the commission of a crime, such as bribery, do not constitute custodial interrogation. Here, the officer was the object of solicitation rather than a party to interrogation. He was a necessary party during the commission of the crime, and his detection methods did not deprive the defendant of freedom of action in any significant way.

In our opinion, the present record discloses no abuse of the defendant's constitutional rights, and the first assignment of error is overruled.

In one way or another, each of the four remaining assignments of error challenges the quality and sufficiency of the evidence presented by the state to convict the defendant.

The hearsay evidence which entered the record because of the joint trial is completely diluted by other direct testimony implicating this defendant. And regardless of any conflict in the evidence, the issues of fact were for the jury to decide. It had the right to believe or disbelieve any of the witnesses. It apparently believed Officer Sampson, and the evidence as a whole is sufficient to sustain the judgment.

We find no prejudicial error in the record, and the judgment will, accordingly, be affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.